CHARLES F. HAWKINS (42858)
(Hawkins@hawkins-law.com)
PAUL F. CAPUTO (144592)
(Paul@caputolaw.com)
THOMAS HR DENVER (56872)
(Tdenver@mediationmasters.com)
Hawkins · Caputo
96 North Third Street
Suite 300
San Jose, CA 95112

Telephone: (408) 280-7111
Facsimile: (408) 292-7868

IN AND FOR THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO BRANCH

| | |
|---|---|
| JOSE GUTIERREZ and IRMA GUTIERREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF WOODLAND, COUNTY OF YOLO, SERGEANT DALE JOHNSON, DEPUTY HERMAN OVIEDO, DEPUTY HECTOR BAUTISTA, individually, and in their official capacities,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR:**<br><br>**(1) WRONGFUL DEATH [Violation of 42 U.S.C. §1983, violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and conspiracy]**<br><br>**(2) DEMAND FOR JURY TRIAL** |

COME NOW plaintiffs, JOSE GUTIERREZ and IRMA GUTIERREZ, individually as father and heir and mother and heir of LUIS GUTIERREZ NAVARRO, deceased, by and through their attorneys above-named and hereby complain of the defendants, and each of them, jointly and severely, upon information and belief, and respectfully allege:

## JURISDICTION AND VENUE

1. This action seeks monetary damages for violations of the civil rights, privileges, and immunities guaranteed under the Fourth and Fourteenth Amendments to the

Constitution of the United States of America and Title 42 U.S.C. §1983 and §1985(3). Jurisdiction is founded on 28 U.S.C. §§1331 and 1343(1), (2), (3), (4), and the aforementioned statutory constitutional provisions. Plaintiffs further invoke the pendent jurisdiction of this court to consider claims arising under State law. The plaintiffs have exhausted their administrative claim by filing the attached copies of Governmental Claims (see Exhibits "1A" and "1B", attached hereto and incorporated by reference herein) concerning their State Tort Claims.

**PARTIES**

2. Plaintiff Jose Gutierrez is the father and plaintiff Irma Gutierrez is the mother of Luis Gutierrez Navarro, deceased, and are residents of the United States of America in Yolo County, California and afforded the protections and rights of the United States Constitution. Decedent Luis Gutierrez Navarro died intestate in California. Under the laws of California, including Probate Code §6402, the parents are heirs and beneficiaries of Luis Gutierrez Navarro and this action is brought for the benefit of said heirs, who are entitled to recover all damages, costs, and expenses allowable by statute.

3. Plaintiffs' decedent, Luis Gutierrez Navarro, was, at the time of his death, resident of the County of Yolo, State of California, United States of America.

4. Defendant City of Woodland is a municipal corporation and is a political subdivision of the State of California. Defendant County of Yolo is a political subdivision of the State of California. The individually named defendants, at the time of the events here alleged, were employees of the County of Yolo's Sheriff's Department and were acting under the mandate of a Joint Gang Task Force operated by and comprised of Yolo County Sheriff's Department and Woodland Police Department personnel and supervised by both of those governmental entities. Each of the individual defendants is an individual Sheriff's Deputy, employed by said co-defendants and acting in the course and scope of his duties with said co-defendants. They are sued individually and in their official capacity.

5. At all times relevant hereto and in all of their actions, the above-referenced defendants were acting under the color of law and pursuant to their respective authorities as police officers.

## FIRST CAUSE OF ACTION

[42 U.S.C.§1983 – Violations of the Fourth and Fourteenth Amendments to the United State Constitution]

6. The plaintiffs repeat and incorporate the allegations set forth in paragraphs 1 through 5 above, incorporated herein by this reference as if specifically set forth herein.

7. On April 30, 2009, decedent Luis Gutierrez Navarro (hereinafter “decedent”) was a pedestrian on or near East Gum Avenue in the City of Woodland, County of Yolo, California. At that time, the three individually named defendants, Dale Johnson, Herman Oviedo, and Hector Bautista, were operating an unmarked Yolo County Sheriff’s Department vehicle. The three individual defendants were undercover and, accordingly, were not in uniform. Defendant Bautista pulled the vehicle to the curb and defendant Johnson exited the vehicle in order to confront Navarro, apparently due to the fact that he appeared to be a Hispanic male. The defendant officers failed to properly identify themselves as peace officers and without justification or probable cause, attempted to physically detain the decedent. Fearing for his life, the decedent turned and ran. Both Johnson and Oviedo drew their weapons. After a short pursuit on foot, defendants Johnson and Oviedo fired their weapons at decedent at least seven times as decedent was attempting to flee from the defendants. The decedent was struck and mortally wounded.

Plaintiffs assert that the individual defendants did not properly identify themselves to decedent Navarro, that he was assaulted, and that he fled in fear for his life, having observed that defendants Johnson and/or Oviedo were armed.

8. At the time of this incident, decedent had not violated any law and there was no probable cause for this pursuit and shooting.

9. Decedent expired as a result of being shot by one of the individual defendants.

10. Defendants negligently, recklessly, intentionally, wantonly and/or maliciously shot and killed decedent.

11. By their actions described above, the defendants deprived plaintiff decedent of the following clearly established and well-settled constitutional rights:

(a) The right guaranteed by the Fourth and Fourteenth Amendments as applied to the State through the Fourteenth Amendment, i.e., the right to be free from excess force by law enforcement officers.

(b) The right to be free from pre-conviction punishment as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

12. As a direct and proximate result of the acts and omissions of defendants, and each of them, plaintiffs' decedent endured pain and mental suffering, was deprived of his physical liberty and died, suffering damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

13. The conduct of the individual defendants, described above, was willful, wanton, reckless and in conscious disregard for the rights and safety of others (namely, the decedent) such that punitive damages are mandated in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

14. The above-described violations of plaintiffs' decedents civil rights were committed under color of state law and pursuant to the custom, policy and usage of the defendant City, County, Sheriff's Department and officers to deprive plaintiffs' decedent and others similarly situated of the rights, privileges and immunities secured by the United States Constitution and the laws of the United States of America and the defendants, and each of them, are therefore liable to plaintiffs for injuries and damages so caused pursuant to 42 U.S.C. §§1983 and 1988 and also for violation of the plaintiffs' right to a familiar relationship with decedent, without due process of law.

15. Plaintiffs and plaintiffs' decedent claim attorney's fees pursuant to 42 U.S.C. §§1983 and 1988.

/ / / / /

## SECOND CAUSE OF ACTION

[California Code of Civil Procedure §377.60 – For Wrongful Death Against all Defendants]

16. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 15 of this complaint as if specifically alleged herein and incorporate said paragraphs by this reference.

17. As sole heirs of decedent, plaintiffs assert a wrongful death cause of action against all defendants pursuant to §377.60 et seq., of the California Code of Civil Procedure. Said claim is based upon the fact that the negligent, reckless and wrongful acts and omissions of defendants, as alleged herein, were a direct and legal cause of the death of decedent and the resulting damages to plaintiffs.

18. That as a direct and legal result of the acts and omissions of defendants, and each of them, and as a direct and legal result of the death of decedent occasioned thereby, plaintiffs have suffered damages, including without limitation, great emotional distress and the loss of love, affection, society, care, comfort, companionship and support of the decedent, together with funeral expenses, attorney's fees and costs of suit and other pecuniary losses not yet ascertained all in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

19. Plaintiffs have been required to retain attorneys to represent them in this matter and they are therefore entitled to reasonable attorney's fees.

20. As a direct and proximate result of the acts and omissions of the defendants, and each of them, plaintiffs' decedent endured pain and mental suffering, was deprived of his physical liberty and died, suffering damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

21. The conduct of defendants and each of them, as described above, was willful, wanton, reckless and in conscious disregard for the rights and safety of others (namely decedent) such that punitive damages are mandated in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

22. The above-described violations of plaintiffs' decedent's civil right were committed under color of state law, in violation of the California Government Codes, Constitution, and each of them, and, accordingly, defendants, and each of them, are liable to plaintiffs for injuries and damages so caused in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**THIRD CAUSE OF ACTION**

[Violation of Plaintiffs' Civil Rights – Municipal Liability 42 U.S.C. §1983]

23. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 22 as though fully set forth herein by reference.

24. Plaintiffs further allege, upon information and belief, that it is the policy, practice and custom the Yolo County Sheriff's Department, the City of Woodland Police Department and their supervisors and its police officers and Sheriff's deputies to tolerate and ratify the use of unreasonable and excessive force and cruel and unusual punishment by its police officers, Sheriff's deputies, employees and agents.

25. Plaintiffs also allege, upon information and belief, that it is policy, practice and custom of the Yolo County Sheriff's Department, the City of Woodland Police Department and their supervisors and its police officers and Sheriff's deputies to inadequately hire, train and supervise its officers, deputies, agents and employees in the use of firearms and excessive force in general.

26. The action of the individually named defendants resulted from and were taken pursuant to a de facto policy of the Yolo County Sheriff's Department, the City of Woodland Police Department and their supervisors and its police officers and Sheriff's deputies, which is implemented by police officers and Sheriff's deputies of the said department to summarily punish persons who refuse to obey police or Sheriff's orders, whether lawful or not, by means of unlawful detention and arrest.

27. The existence of the defacto policy described in paragraph 26 has been known to supervisory and policy making officers and officials of the Yolo County Sheriff's

Department, the City of Woodland Police Department and their supervisors and its police officers and Sheriff's deputies for a substantial period of time.

28. Despite their knowledge of said illegal policy and practices, the supervisory and policy making officers and officials of the Yolo County Sheriff's Department, the City of Woodland Police Department and their supervisors and its police officers and Sheriff's deputies as a matter of policy, and not taking steps to terminate the said practices, or investigate them, have not disciplined or otherwise properly supervised the individual officers or deputies who engaged in said practices, have not effectively trained police officers and deputies with regard to proper constitutional and statutory limits on the exercise of their authority, and have, instead, sanctioned the policy and practices described in this complaint through their deliberate indifference to the effect of the said policy and practices upon the constitutional rights of the residents and visitors to the City of Woodland and/or County of Yolo.

The foregoing acts, omissions, and systematic failures are customs and policies of the defendants the Yolo County Sheriff's Department, the City of Woodland Police Department and their supervisors and its police officers and Sheriff's deputies caused the individually named defendants to believe that determination of the right to detain, seize and/or arrest and use force, and the amount of allowable force, was within their discretion and that complaints of illegal arrest and use of excessive force would not be honestly or properly investigated, with the foreseeable result that officers and/or deputies would be likely to illegally arrest and to use improper force.

29. As a direct and proximate result of the aforesaid acts, omissions, policies and customs of the Yolo County Sheriff's Department, the City of Woodland Police Department and their supervisors and its police officers and Sheriff's deputies, plaintiffs' decedent was improperly stopped, detained, assaulted, and ultimately killed all of which conduct violated his constitutional rights, all to his damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

30. That the wrongful and unlawful acts perpetrated by the defendants, and each of them, in intentionally disregarding the constitutional rights of plaintiffs and of plaintiffs' decedent caused plaintiffs damages in excess of Seventy-Five Thousand Dollars ($75,000.00)

**FOURTH CAUSE OF ACTION**

[Negligence – Against all Defendants]

31. The plaintiffs reallege and incorporate paragraphs 1 through 30 above as if specifically alleged herein.

32. The defendants, and each of them, had a duty to the plaintiffs and plaintiffs' decedent to prevent risks of death while plaintiffs' decedent was practicing lawful behavior. The defendants, and each of them, breached that duty.

33. Said conduct was negligently, carelessly, wantonly and recklessly engaged in, in violation of the rights and safety of plaintiffs' decedent. As a result, decedent was deprived of his life and plaintiffs were injured as a proximate result as stated herein, all to their damage in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

**FIFTH CAUSE OF ACTION**

[Negligent Hiring, Retention, Training and Supervision – Against Defendants City of Woodland, County of Yolo, and Their Respective Police and Sheriff's Departments]

34. Plaintiffs reincorporate paragraphs 1 through 33 as though fully set forth herein.

35. Defendants the Yolo County Sheriff's Department, the City of Woodland Police Department and their supervisors and its police officers and Sheriff's deputies had a duty to exercise due care in the hiring, selection, training, supervision, oversight, direction, retention and control of employees and agents retained by them as police officers and/or Sheriff's deputies.

36. Said defendants failed to exercise due care in its selection of the individually named defendants.

37. Defendants knew, or should have known, that the individually named defendants were improperly hired, selected, trained and/or supervised, which said deficiencies were the direct and proximate cause of decedent's death.

38. Plaintiffs, and each of them, suffered from the wrongful death of their loved one and defendants, and each of them, are liable to plaintiffs because of their breaches described herein and their violations of decedent's constitutional rights.

39. As a direct result of the acts and omissions of defendants, and each of them, decedent was caused to suffer pain and suffering, loss of liberty, violation of his constitutional rights and death. Plaintiffs were caused to suffer severe mental anguish, the loss of their loved one and, in addition, funeral and burial expenses.

**SIXTH CAUSE OF ACTION**

[Conspiracy and the Intentional Affliction of Emotion Distress Against all Defendants]

40. Plaintiffs incorporate paragraphs 1 through 39 as though fully set forth herein.

41. That the acts of defendants, the Yolo County Sheriff's Department, the City of Woodland Police Department and their supervisors and its police officers and Sheriff's deputies were done and performed in furtherance of a conspiracy by and between said defendants to deprive decedent of his life, liberty and his constitutional and civil rights as set forth herein.

42. That subsequent to the death of decedent, said defendants conspired to cover up and falsify the facts and circumstances of decedent's death, conspired to wrongfully and unlawfully justify their conduct, conspired to conduct the investigation into decedent's death in a manner calculated to exonerate the defendants from responsibility and conspired to publish information concerning decedent himself, decedent's death, and the facts surrounding his death in a false and misleading manner in an attempt to portray decedent in an unfavorable light, all of which conduct was intentionally calculated to cause plaintiffs great mental anguish and to dissuaded plaintiffs from exercising their federal and state constitutional right to recover damages for conduct of the defendants and the death of their son occasioned thereby.

43. That the wrongful and unlawful acts perpetrated by the defendants, and each of them, in intentionally conspiring to violate the constitutional rights of decedent and the plaintiffs and the death of decedent and the subsequent activities to cover up and conceal the true facts and circumstances of this matter caused plaintiffs to suffer great mental and emotional damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, plaintiffs pray for damages against defendants, and each of them, as follows:

(1) Compensatory damages in the sum in excess of Seventy-Five Thousand Dollars ($75,000.00);

(2) Costs of suit incurred in this action;

(3) Attorney's fees;

(4) Special damages for funeral and burial expenses in an amount according to proof;

(5) Punitive damages against the individually named defendants in an appropriate amount sufficient to deter such conduct in the future; and

(6) Such other and further relief as the court deems necessary and just.

Dated: May 7, 2010

HAWKINS • CAPUTO,

By /s/ Thomas HR Denver
THOMAS HR DENVER

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury on all issues so triable.

Dated: May 7, 2010

HAWKINS · CAPUTO,

By /s/ Thomas HR Denver
THOMAS HR DENVER