UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUTIERREZ and IRMA GUTIERREZ,

         Plaintiffs,

    v.

CITY OF WOODLAND, COUNTY OF YOLO, SERGEANT DALE JOHNSON, DEPUTY HERMAN OVIEDO, DEPUTY HECTOR BAUTISTA, individually, and in their official capacities,

         Defendants.

NO. CIV. S-10-1142 LKK/EFB

O R D E R

/

Plaintiffs move to modify the Pretrial Scheduling Order ("PTO") of October 27, 2010, so as to retroactively confirm the late-filings of their expert designations and two of their three expert reports.[1]  The motion will be denied, and plaintiffs' counsel will be sanctioned for late-filing documents without leave of court and failure to comply with the pretrial order.

---

[1] The third expert report was filed even after the requested December 14, 2011 retroactive date.  So, even if the motion were granted nunc pro tunc, that report would still be late.

1

**I.**

The Pretrial Order requires that no later than November 25, 2011, all counsel were to "designate in writing and file with the court and serve upon all other parties a final list of the names of all experts that they propose to tender at trial." Dkt. No. 22 at 5. The PTO further provided that "[a]t the time of designation, all experts shall submit a written report." Id. The November 25th deadline came and went with no word from plaintiffs about any expert testimony they wished to tender.[2]

On December 2, 2011, without seeking or receiving leave of court, plaintiffs late-filed a document (one week after the expert deadline), purporting to be their expert designation. Dkt. No. 29. Since this document was submitted after the deadline, the local rules required that plaintiffs seek leave of court before filing, which they failed to do. See Local Rule 137(c). This "designation," however, only identified plaintiffs' experts and their credentials. No written reports were submitted at the time of designation, although required by the PTO. In fact, the designation indicates that none of the experts had even prepared their reports, although they were expected to be filed "within 30 days."[3] Each report was purportedly delayed "because of a number

---

[2] Defendants timely made their expert disclosure on November 23, 2011. Plaintiffs' designation indicates November 23, 2011 as the date the document was signed, but it was not filed with the court until December 2nd.

[3] Although plaintiffs indicated what area their experts would testify about, they do not indicate what the expert opinions would be.

of factors," none of which were specified.

On December 14, 2011, again without receiving leave of court,[4] plaintiffs late-filed an amended expert designation (two and one-half weeks after the expert deadline), which included the expert reports of two of their three experts.[5]  Dkt. No. 31.  On January 5, 2012, once again without receiving leave of court, plaintiffs late-filed a second amended expert designation (six weeks after the expert deadline), which included the expert report of their third expert.[6]

**II.**

On December 7, 2011, plaintiffs filed this motion, seeking leave to file their already-late expert disclosures by December 14, 2011.  The delay, according to plaintiffs, was caused by counsel's "scheduling conflicts and personal hardships," none of which were explained or specified.  There was no explanation for why the various expert designations were filed without seeking or receiving leave of court.  There was no explanation for why the instant motion was filed after the expert deadline had already passed.  In short, although modifications of the court's scheduling order are strongly disfavored absent "good cause," plaintiffs never even attempted to made any showing of good cause for modifying the PTO.

---

[4] On December 7, 2011, plaintiffs filed the instant motion, requesting modification of the PTO to permit them to designate their experts by December 14th.

[5] Terri L. Haddix, M.D., and Darrell O. Clardy, Ph.D.

[6] Stephen Lowell D'Arcy, M.S.

3

Defendants oppose the motion arguing that no good cause was shown.[7]

### III.

All counsel were warned of the consequences of failure to comply with the PTO. Nevertheless, Plaintiffs' counsel persistently failed to comply, and has violated the local rules. Accordingly,

1. Plaintiffs' motion is **DENIED.**

2. For his persistent failure to comply with the PTO, and because he, on three separate occasions, late-filed expert designations without first obtaining leave of court, plaintiffs' counsel, Robert B. Burchfiel, Esq., is ordered to PAY SANCTIONS in the amount of $500 to the Clerk of Court within ten (10) days from the effective date of this order. Counsel shall also file with the court an affidavit indicating that said sanction is paid personally by counsel, out of personal funds, and is not to be billed, directly or indirectly, to the clients or in any way made the responsibility of the clients.

3. All dates in this matter, other than the hearing previously scheduled for January 17, 2012, are **CONFIRMED.**

IT IS SO ORDERED.

DATED: January 13, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[7] Defendants also oppose on the ground that the reports that were filed do not comply with Fed. R. Civ. P. 26(a)(2)(B). Since the motion will be denied on other grounds, the court does not address this argument.

4