1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  JOSE GUTIERREZ and
   IRMA GUTIERREZ,
10
            Plaintiffs,            NO. CIV. S-10-1142 LKK/EFB
11
       v.
12                                 **PRETRIAL CONFERENCE ORDER**
   CITY OF WOODLAND, COUNTY OF              **[TENTATIVE]**
13 YOLO, SERGEANT DALE JOHNSON,
   DEPUTY HERMAN OVIEDO, DEPUTY
14 HECTOR BAUTISTA, individually
   and in their official capacities,
15
            Defendants.
16 _____/

17      Pursuant to court order, a Pretrial Conference was held in

18 Chambers on June 18, 2012.  PAUL F. CAPUTO and ROBERT B. BURCHFIEL

19 appeared as counsel for plaintiffs; BRUCE A. KILDAY and AMIE

20 McTAVISH appeared as counsel for defendants.  After hearing, the

21 court makes the following findings and orders:

22                 **I.  JURISDICTION/VENUE**

23      Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343 and

24 1367, as this is an action arising under 42 U.S.C. §§ 1983 and

25 1985, and various state claims. Venue is predicated upon 28 U.S.C.

26 § 1391(b).   The parties agree that jurisdiction and venue are

                              1

1 | appropriate.

2 | **II. JURY/NON-JURY**

3 | All parties have demanded a jury trial.

4 | **III. UNDISPUTED FACTS**

5 | This is an action for damages resulting from the death of
6 | LUIS GUTIERREZ brought by JOSE GUTIERREZ and IRMA GUTIERREZ,
7 | the surviving parents of LUIS GUTIERREZ, against the COUNTY OF
8 | YOLO and three Yolo County Sheriff's Deputies, SERGEANT DALE
9 | JOHNSON, DEPUTY HERNAN OVIEDO and DEPUTY HECTOR BAUTISTA. The
10 | shooting took place on April 30, 2009 on the East Gum Avenue
11 | overpass in Woodland, California. On that day Luis Gutierrez
12 | was walking from the Department of Motor Vehicles to his home.
13 | He was contacted by the three Sheriff's Deputies who were
14 | riding in a dark colored unmarked Ford Taurus. The three
15 | Deputies were wearing casual plain clothes, which had no words
16 | or insignia identifying them as law enforcement Deputies, but
17 | they were wearing belts under their shirts, which held their
18 | badges, side arms and radios.

19 | The Sheriff's Deputies elected to contact Luis Gutierrez
20 | and Deputy Bautista stopped the car near to Luis Gutierrez.
21 | Sergeant Johnson exited the vehicle and attempted to address
22 | Luis Gutierrez, who turned and ran. Sergeant Johnson and
23 | Deputy Oviedo pursued Luis Gutierrez. There is a dispute as
24 | to what happened next, but ultimately shots were fired by the
25 | Deputies, one of which struck Luis Gutierrez in the back of the
26 | shoulder. The wound ultimately led to his death. A

2

1   pocketknife was found near Luis Gutierrez.

2   The Woodland Police Department conducted a criminal
3   investigation into the shooting death and the Yolo County
4   Sheriff's Department conducted an Internal Affairs
5   investigation, these investigations found that there were no
6   violations of law or of the policies of the Yolo County
7   Sheriff's Department.   No criminal charges were brought
8   against the Deputies.

9                   **IV.   DISPUTED FACTUAL ISSUES**

10   The parties submit the following facts which are disputed:
11   1.   Whether or not the Deputies had good cause to believe
12   that the location where this shooting took place was a "high
13   crime area."

14   2.   Whether or not Luis Gutierrez was actively under the
15   influence of methamphetamine or any other drug at the time of
16   his death.

17   3.   Whether or not the Deputies involved in this shooting
18   adequately identified themselves as law enforcement officers
19   to Luis Gutierrez.

20   4.   Whether or not Luis Gutierrez was in possession of
21   a folding pocketknife.

22   5.   Whether or not Luis Gutierrez had his right hand in
23   his pants pocket during the pursuit.

24   6.   Whether or not Luis Gutierrez ever had an open knife
25   in his hand at any time prior to the shooting.

26   7.   Whether or not Luis Gutierrez threatened any deputy

3

1  with a knife.

2     8.   Whether or not the contact by Sergeant Johnson on
3  Luis Gutierrez's upper torso caused Luis Gutierrez to stop.

4     9.   Whether or not Luis Gutierrez threw a knife away from
5  his person after he was shot.

6     10.  Whether or not the Deputies were acting in
7  self-defense or the defense of another Deputy at the time Luis
8  Gutierrez was shot.

9     11.  Whether or not the subsequent investigations into
10  this shooting by the Woodland Police Department and/or the Yolo
11  County Sheriff's Department complied with generally accepted
12  police practices.

13     Plaintiffs' position is that all undisputed facts bear on
14  each cause of action of the Complaint except the cause of
15  action concerning ratification.  As to ratification, the last
16  paragraph of undisputed facts bear solely on that issue.

17                **V.   DISPUTED EVIDENTIARY ISSUES**

18     Plaintiffs:

19     1.   Any reference to gang affiliation.

20     2.   Reference to any methamphetamine found in the
21          decedent's body.

22     Defendants:

23     A.   Exclude reference to subsequent allegations of
24          excessive force by defendants.

25  ////

26  ////

4

B.     Admissibility of a "demonstrative video created by Paul Kyfetz which defendants intend to use for impeachment purposes."

The parties shall bring on motions in limine not later than forty-five (45) days preceding trial.

## VI.   **RELIEF SOUGHT**

Plaintiff seeks damages for the loss of Gutierrez's love, affection, care, comfort, society, advice and counsel, damages in the amount of funeral expenses, punitive and exemplary damages against the officers, and attorneys' fees and costs.

Defendants seek attorneys' fees and costs.

## VII.   **POINTS OF LAW**

1.     Liability under 42 U.S.C. § 1983.

2.     Whether or not Gutierrez was legally detained.

3.     The parties dispute whether, under the circumstances, Gutierrez's reaction of running after whatever occurred immediately previous, justified any suspicion of unlawful conduct.

4.     The parties shall also brief the question of the use of deadly force under the circumstances and whether or not the county ratified the conduct of the officers or otherwise had some basis for liability.

5.     Whether or not the county is immune as to the state claims by virtue of Cal. Gov. Code § 815.

6.     Whether, under California law, plaintiffs may recover for mental and emotional distress.

5

1      7.    Any county policy relating to police conduct which
2   may bear upon the facts and circumstances of this case.

3      8.    The circumstances for municipal ratification under
4   the facts and circumstances of this case.

5      ANY   CAUSES   OF   ACTION   OR   AFFIRMATIVE   DEFENSES   NOT
6   EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW
7   AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

8                    **VIII.   ABANDONED ISSUES**

9      The City of Woodland has been previously dismissed by way
10  of stipulation.  Plaintiffs also anticipate abandoning their
11  conspiracy allegation.  That allegation is now dismissed.

12                    **IX.   WITNESSES**

13     Plaintiff anticipates calling the following witnesses:
14     See attachment "A".

15     Defendant anticipates calling the following witnesses:
16     See attachment "B".

17     Each party may call a witness designated by the other.

18     A.    No  other  witnesses  will  be  permitted  to  testify
19  unless:

20         (1)    The party offering the witness demonstrates that
21  the witness is for the purpose of rebutting evidence which
22  could not be reasonably anticipated at the Pretrial Conference,
23  or

24         (2)    The witness was discovered after the Pretrial
25  Conference and the proffering party makes the showing required
26  in "B" below.

1    B.    Upon the post-Pretrial discovery of witnesses, the
2  attorney shall promptly inform the court and opposing parties
3  of the existence of the unlisted witnesses so that the court
4  may consider at trial whether the witnesses shall be permitted
5  to testify.  The evidence will not be permitted unless:

6         (1)  The witnesses could not reasonably have been
7  discovered prior to Pretrial;

8         (2)  The court and opposing counsel were promptly
9  notified upon discovery of the witnesses;

10        (3)  If time permitted, counsel proffered the
11 witnesses for deposition;

12        (4)  If time did not permit, a reasonable summary of
13 the witnesses' testimony was provided opposing counsel.

14             **X.   EXHIBITS, SCHEDULES AND SUMMARIES**

15   Plaintiff contemplates the following by way of exhibits:
16   See attachment "C".

17   Defendant contemplates the following by way of exhibits:
18   See attachment "D".

19   A.    No other exhibits will be permitted to be introduced
20 unless:

21        (1)  The party proffering the exhibit demonstrates
22 that the exhibit is for the purpose of rebutting evidence which
23 could not be reasonably anticipated at the Pretrial Conference,
24 or
25 ////
26 ////

1    (2) The exhibit was discovered after the Pretrial

2 Conference and the proffering party makes the showing required

3 in paragraph "B," below.

4  B. Upon the post-Pretrial discovery of exhibits, the

5 attorneys shall promptly inform the court and opposing counsel

6 of the existence of such exhibits so that the court may

7 consider at trial their admissibility.   The exhibits will not

8 be received unless the proffering party demonstrates:

9    (1) The exhibits could not reasonably have been

10 discovered prior to Pretrial;

11    (2) The court and counsel were promptly informed of

12 their existence;

13    (3) Counsel forwarded a copy of the exhibit(s) (if

14 physically possible) to opposing counsel.   If the exhibit(s)

15 may not be copied, the proffering counsel must show that he has

16 made the exhibit(s) reasonably available for inspection by

17 opposing counsel.

18  As to each exhibit, each party is ordered to exchange

19 copies of the exhibit not later than fourteen (14) days from

20 the date of this Pretrial Order.   Each party is then granted

21 fourteen (14) days to file with the court and serve on opposing

22 counsel any objections to said exhibits.   In making said

23 objections, the party is to set forth the grounds for the

24 objection.   As to each exhibit which is not objected to, it

25 shall be marked and received into evidence and will require no

26 ////

1  further foundation.  Each exhibit which is objected to will be
2  marked for identification only.

3      In addition to electronically filing said objections, if
4  any, the objections must be submitted by email, as an
5  attachment in Word or WordPerfect format, to:
6  arivas@caed.uscourts.gov.

7      The attorney for each party is directed to appear before
8  and present an original and one (1) copy of said exhibit to Ana
9  Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the
10  date set for trial.  All exhibits shall be submitted to the
11  court in binders.  Plaintiff's exhibits shall be listed
12  numerically.  Defendant's exhibits shall be listed
13  alphabetically.  The parties shall use the standard exhibit
14  stickers provided by the court:  pink for plaintiff and blue
15  for defendant.

16                    **XI.   DISCOVERY DOCUMENTS**

17      Neither side anticipates offering any in their case in
18  chief.

19                **XII.   FURTHER DISCOVERY OR MOTIONS**

20      None, except motions in limine, which shall be brought not
21  later than forty-five (45) days before trial.

22                       **XIII.   STIPULATIONS**

23      Defendants say that plaintiffs have stipulated not to
24  oppose defendants' request to designate Marissa Meininger and
25  plaintiffs agree.

26  ////

                                  9

1    Defendants have stipulated not to seek to exclude Stephen
2    D'Arcy from testifying at trial.

3    Toxicology reports on officers' blood will be admitted.

4    Toxicology reports on decedent's blood will also be
5    admitted if the motion in limine re: methamphetamine is denied.

6                  **XIV.   AMENDMENTS/DISMISSALS**

7    Defendant City of Woodland was dismissed by stipulation
8    on January 13, 2012.

9                  **XV.   FURTHER TRIAL PREPARATION**

10   A.   Counsel are directed to Local Rule 285 regarding the
11   contents of and the time for filing trial briefs.

12   B.   Counsel are informed that the court has prepared a
13   set of standard jury instructions.  In general, they cover all
14   aspects of the trial except those relating to the specific
15   claims of the complaint. Accordingly, counsel need not prepare
16   instructions concerning matters within the scope of the
17   prepared instructions.  A copy of the prepared instructions is
18   given to the parties at the Pretrial Conference.

19   C.   Counsel are further directed that their specific jury
20   instructions shall be filed fourteen (14) calendar days prior
21   to the date of trial.  As to any instructions counsel desires
22   to offer, they shall be prepared in accordance with Local Rule
23   163(b)(1) which provides:

24   "Two copies of the instructions shall be submitted.
25   One copy shall be electronically filed as a .pdf
26   document and shall contain each instruction on a

                              10

1    separate page, numbered and identified as to the
2    party presenting it. Each instruction shall cite the
3    decision, statute, ordinance, regulation or other
4    authority supporting the proposition stated in the
5    instruction."

6    The second copy ("jury copy") shall be submitted by e-mail
7    to lkkorders@caed.uscourts.gov.

8    **In addition, counsel shall provide copies of proposed**
9    **forms of verdict, including special verdict forms, at the time**
10   **the proposed jury instructions are filed with the court.**

11   D.    It is the duty of counsel to ensure that any
12   deposition which is to be used at trial has been filed with the
13   Clerk of the Court. Counsel are cautioned that a failure to
14   discharge this duty may result in the court precluding use of
15   the deposition or imposition of such other sanctions as the
16   court deems appropriate.

17   E.    The parties are ordered to file with the court and
18   exchange between themselves not later than one (1) week before
19   the trial a statement designating portions of depositions
20   intended to be offered or read into evidence (except for
21   portions to be used only for impeachment or rebuttal).

22   F.    The parties are ordered to file with the court and
23   exchange between themselves not later than one (1) week before
24   trial the portions of answers to interrogatories which the
25   respective parties intend to offer or read into evidence at the
26   ////

11

1   trial (except portions to be used only for impeachment or
2   rebuttal).

3      G.   The court has extensive audiovisual equipment
4   available. Any counsel contemplating its use shall contact the
5   court's Telecommunications Manager, Andre Carrier, at (916)
6   930-4223, at least two weeks in advance of trial to receive the
7   appropriate training.

8            **XVI.   SETTLEMENT NEGOTIATIONS**

9     A Settlement Conference is **SET** before the Honorable Edmund
10   F. Brennan, United States Magistrate Judge, on September 6,
11   2012 at 10:00 a.m.  The parties are directed to submit
12   confidential settlement conference statements to chambers **not**
13   **later than seven (7) days prior to the settlement conference.**
14   Such statements are neither to be filed with the clerk nor
15   served on opposing counsel. However, each party shall e-file
16   a one page document entitled Notice of Submission of
17   Confidential Settlement Conference Statement. The parties may
18   agree, or not, to serve each other with the settlement
19   statements. Each party is reminded of the requirement that it
20   be represented in person at the settlement conference by a
21   person able to dispose of the case or fully authorized to
22   settle the matter at the settlement conference on any terms.
23   See Local Rule 270.

24            **XVII.   AGREED STATEMENTS**

25     Not feasible.

26   ////

1                 **XVIII.**   **SEPARATE TRIAL OF ISSUES**

2     None.

3                   **XIX.**   **ATTORNEYS' FEES**

4     Pursuant to statute.

5                   **XX.**   **MISCELLANEOUS**

6     None.

7             **XXI.**   **ESTIMATE OF TRIAL TIME/TRIAL DATE**

8     Jury trial is set for September 25, 2012, at 10:30 a.m.

9 in Courtroom No. 4. The parties represent in good faith that

10 the trial will take approximately thirteen (13) days.

11     Counsel are to call Ana Rivas, Courtroom Deputy, at (916)

12 930-4133, one week prior to trial to ascertain status of trial

13 date.

14           **XXII.**   **OBJECTIONS TO PRETRIAL ORDER**

15     Each party is granted fourteen (14) days from the

16 effective date of this Pretrial Order [Tentative] to object to

17 or augment same. Each party is also granted seven (7) days

18 thereafter to respond to the other party's objections. If no

19 objections or additions are made, the Tentative Pretrial Order

20 will become final without further order of the court.

21     The parties are reminded that pursuant to Federal Rule of

22 Civil Procedure 16(e), this order shall control the subsequent

23 course of this action and shall be modified only to prevent

24 manifest injustice.

25 ////

26 ////

1

## XXIII. **OTHER**

2      All time limits and dates that refer to the Pretrial Order

3  refer to the date this Pretrial Order [Tentative] is filed and

4  not the date an amended order, if any, is filed.

5      IT IS SO ORDERED.

6      DATED: June 25, 2012.

7

8                                   LAWRENCE K. KARLTON

9                                   SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1   CHARLES F. HAWKINS (42858)
    (Hawkins@hawkins-law.com)
2   PAUL F. CAPUTO (144592)
    (Paul@caputolaw.com)
3   THOMAS HR DENVER (56872)
    (Tdenver@mediationmasters.com)
4   Hawkins · Caputo
5   96 North Third Street
    Suite 300
6   San Jose, CA 95112

7   Telephone:  (408) 280-7883
    Facsimile:   (408) 292-7868
8

9              IN AND FOR THE UNITED STATES DISTRICT COURT
10
                   EASTERN DISTRICT OF CALIFORNIA
11
                      SACRAMENTO BRANCH
12

13
    JOSE GUTIERREZ and IRMA              No.  2:10-CV-01142-LKK-EFB
14  GUTIERREZ,

15          Plaintiffs,                  WITNESS LIST FOR TRIAL

16      vs.

17
    CITY OF WOODLAND, COUNTY OF          Pretrial Hearing:   June 18, 2012
18  YOLO, SERGEANT DALE JOHNSON,         Time:               1:30 p.m.
    DEPUTY HERMAN OVIEDO, DEPUTY         Courtroom:          4
19  HECTOR BAUTISTA, individually, and in Judge:             Hon. Lawrence K. Karlton
20  their official capacities,

21          Defendants.

22

23       NOW COMES PLAINTIFFS' LIST OF WITNESSES THAT THE PLAINTIFFS

24  EXPECT TO PRODUCE AT TRIAL:

25       1.      Jose Santos Gutierrez
26               850 Bourn Drive #70
                 Woodland, CA 95776
27

28  ///////

                         ATTACHMENT "A"
                              -1-
    _____
    WITNESS LIST FOR TRIAL

2.    Irma Gutierrez
      850 Bourn Drive #70
      Woodland, CA 95776

3.    Marisela Gutierrez
      850 Bourn Drive #70
      Woodland, CA 95776

4.    Juan Gutierrez
      850 Bourn Drive #70
      Woodland, CA 95776

5.    Sergeant Dale Johnson
      Yolo County Sheriff's Department
      2500 E. Gibson Road
      Woodland, CA 95776

6.    Deputy Hernan Oviedo
      Yolo County Sheriff's Department
      2500 E. Gibson Road
      Woodland, CA 95776

7.    Deputy Hector Bautista
      Yolo County Sheriff's Department
      2500 E. Gibson Road
      Woodland, CA 95776

8.    Lieutenant Martin Torres - Expert
      Yolo County Sheriff's Department
      2500 E. Gibson Road
      Woodland, CA 95776

9.    Tom A. Lopez - Expert
      Yolo County Sheriff's Department
      2500 E. Gibson Road
      Woodland, CA 95776

10.   Robin Faille - Expert
      Yolo County Sheriff's Department
      2500 E. Gibson Road
      Woodland, CA 95776

11.   Gregory D. Reiber, M.D. - Expert
      Forensic Pathologist
      4400 V Street
      Sacramento, CA 95817

-2-

1
2
3

12.  Sergeant Dan Letamendi - Expert
     Woodland Police Department
     1000 Lincoln Avenue
     Woodland, CA 95695

4
5
6

13.  Officer D. Johnson - Expert
     Woodland Police Department
     1000 Lincoln Avenue
     Woodland, CA 95695

7
8
9
10

14.  Laurel Weeks - Expert
     Deputy Coroner
     Yolo County Sheriff's Department
     Office of the Coroner
     2500 E. Gibson Road
     Woodland, CA 95776

11
12

15.  Stephen L. D'Arcy - Expert
     6955 Oak Avenue
     Folsom, CA 95630

13
14
15
16

16.  Terri L. Haddix, M.D. - Expert
     Forensic Pathologist
     Forensic Analytical Sciences, Inc.
     3777 Depot Road, Suite 403
     Hayward, CA 94545

17
18
19

17.  Darrell O. Clardy, Ph.D. - Expert
     Forensic Toxicologist
     Analytical and Forensic Toxicology, Inc.
     2894 E. Imperial Highway
     Brea, CA 92820

20
21

18.  Nola Montero
     166 Antelope Street
     Woodland, CA 95695

22
23
24

19.  Lindsay Fletes
     1320 Viento
     Woodland, CA  95695

25
26

20.  Rosalia Ordonez
     91 W. Main Street
     Woodland, CA 95695

27  ///////

28  ///////

-3-

WITNESS LIST FOR TRIAL

21.   Cheryl Perry
      Department of Motor Vehicles
      825 East Street
      Woodland, CA 95695

22.   Vieana Monique Navarro
      555 Matmor Road, #84
      Woodland, CA 95776

23.   Javier Cabrera
      1378 Colfax Drive
      Woodland, CA  95776

24.   Ronald Vasquez
      925 North Fourth Street
      Woodland, CA 95695

25.   Michael Lopez - Expert
      AMR
      1041 Fee Drive
      Sacramento, CA  95815

26.   Kevin Gandy - Expert
      AMR
      1041 Fee Drive
      Sacramento, CA  95815

27.   Frank Roman
      Roman PI
      P. O. Box 163311
      Sacramento, CA 95816

Dated: June 4, 2012                    Respectfully submitted,


                                       /s/  CHARLES F. HAWKINS


                                       CHARLES F. HAWKINS
                                       Attorney for Plaintiffs
                                       JOSE GUTIERREZ and
                                       IRMA GUTIERREZ

-4-

WITNESS LIST FOR TRIAL

1

2  BRUCE A. KILDAY, ESQ., SBN 066415
   AMIE MCTAVISH, ESQ., SBN 242372
3  KEVIN J. DEHOFF, ESQ., SBN 252106
   **ANGELO, KILDAY & KILDUFF, LLP**
4  Attorneys at Law
   601 University Avenue, Suite 150
5  Sacramento, CA  95825
6  Telephone:  (916) 564-6100
   Telecopier:  (916) 564-6263

7
   Attorneys for Defendants COUNTY OF YOLO, SERGEANT DALE JOHNSON, DEPUTY
8  HERNAN OVIEDO, and DEPUTY HECTOR BAUTISTA

9

10
                    **UNITED STATES DISTRICT COURT**
11
                    **EASTERN DISTRICT OF CALIFORNIA**
12

13  JOSE GUTIERREZ and IRMA GUTIERREZ, )  Case No.: 2:10-CV-01142-LKK-EFB
                                        )
14            Plaintiffs,               )
                                        )  **DEFENDANTS' WITNESS LIST**
15        vs.                           )
                                        )
16  CITY OF WOODLAND, COUNTY OF         )
17  YOLO, SERGEANT DALE JOHNSON,        )
    DEPUTY HERMAN OVIEDO, DEPUTY        )
18  HECTOR BAUTISTA, individually, and in )
19  their official capacities,          )
                                        )
20            Defendants.               )

21

22        Defendants COUNTY OF YOLO, SERGEANT DALE JOHNSON, DEPUTY HERNAN

23  OVIEDO, and DEPUTY HECTOR BAUTISTA identifies the following witnesses who may be

24  called at trial.

25  I.    Persons employed by Yolo County Sheriff's Department (contact c/o Angelo, Kilday &

26  Kilduff, 601 University Ave., Suite 150, Sacramento, CA 95825, (916) 564-6100) :

27        1.    Yolo County Sheriff Detective Hector Bautista;

28        2.    Yolo County Sheriff Lieutenant Dale Johnson;

                         ATTACHMENT "B"
                              1
                      DEFENDANTS' WITNESS LIST

{00062940}

1    3.    Yolo County Sheriff Sergeant Hernan Oviedo;

2    4.    Yolo County Sheriff Deputy Coroner Laurel Weeks; - Expert

3    5.    Yolo County Sheriff Chief Deputy Coroner Robert LaBrash; - Expert

4    6.    Yolo County Sheriff Lieutenant Martin Torres;

5    7.    Yolo County Undersheriff Tom Lopez

6    8.    Yolo County Sheriff Sergeant Lance Faille;  - Expert

7    9.    Yolo County Sheriff Ed Prieto.

8    II.   Persons employed by Woodland Police Department, 1000 Lincoln Ave, Woodland, CA:

9    10.   Woodland Police Department Detective Jason Brooks;

10   11.   Woodland Police Department Detective Francisco Deleon;

11   12.   Woodland Police Department Detective Omar Flores;

12   13.   Woodland Police Department Detective Dallas Hyde;

13   14.   Woodland Police Department Detective Darren Imus;

14   15.   Woodland Police Department Detective Matthew Jameson;

15   16.   Woodland Police Department Officer Randal Krantz;

16   17.   Woodland Police Department Officer David Krause;

17   18.   Woodland Police Department CSO Dale Phillips;

18   19.   Woodland Police Department Detective Ron Cordova .

19   III.  Other Witnesses:

20   20.   Gregory Rieber, M.D; Sacramento County Corner's Office, 4800 Broadway,

21   Suite 100, Sacramento, CA 95820; - Expert

22   21.   Robert Wilson, Criminalist with Department of Justice; 4949 Broadway, Room F-

23   201 Sacramento, CA 95820, 916-227-3777; - Expert

24   22.   Shawn Kacer, Criminalist with Department of Justice; 4949 Broadway, Room F-

25   201 Sacramento, CA 95820, 916-227-3777; - Expert

26   23.   Christopher Gale, Criminalist with Department of Justice; 4949 Broadway, Room

27   F-201 Sacramento, CA 95820, 916-227-3777; - Expert

28   24.   Dr. Raymond Kelly,  1804 Somersby Way, Henderson, NV  89014;  - Expert

1    25.    Massad Ayoob,  PO Box 1477, Live Oak, FL 32064; - Expert

2    26.    Paul Kayfetz, PO Box 310, Bolinas, CA 94924; - Expert

3    27.    Marissa Meininger, Assistant Forensic Serologist, Serological Research Institute,

4  3053 Research Drive, Richmond, CA 94806;  - Expert

5    28.    Plaintiff Jose Gutierrez;

6    29.    Plaintiff Irma Gutierrez;

7  IV.    The following witnesses may be called if the parties cannot agree to the stipulations set

8  forth on Defendants' Pretrial Statement:

9    30.    Individual (TBD) from NMS labs,  3701 Welsh Road, PO Box 433A, Willow

10  Grove, PA 19090, 215-657-4900;

11    31.    Individual (TBD) from Central Valley Toxicology, 1580 Tollhouse Road, Clovis,

12  CA, 93611, 559-323-9440;

13    32.    Woodland Police Department Officer Cindy Martinez;

14    33.    Woodland Police Department Officer Kelly York;

15    34.    Yolo County Sheriff Deputy Stephanie Gill.

16

17  Dated:  June 21, 2012                    ANGELO, KILDAY & KILDUFF, LLP

18                                                        */s/ Amie McTavish*

19                                          By:_____
                                                   BRUCE A. KILDAY
20                                                 AMIE McTAVISH
                                                   Attorneys for Defendants
21

22

23

24

25

26

27

28

---

3
DEFENDANTS' WITNESS LIST

{00062940}

CHARLES F. HAWKINS (42858)
(Hawkins@hawkins-law.com)
PAUL F. CAPUTO (144592)
(Paul@caputolaw.com)
THOMAS HR DENVER (56872)
(Tdenver@mediationmasters.com)
HAWKINS · CAPUTO
96 North Third Street, Suite 300
San Jose, CA 95112
Telephone: (408) 280-7111
Facsimile: (408) 292-7868

Attorneys for Plaintiffs

IN AND FOR THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO BRANCH

| | |
|---|---|
| JOSE GUTIERREZ and IRMA GUTIERREZ, )<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF WOODLAND, COUNTY OF YOLO, SERGEANT DALE JOHNSON, DEPUTY HERMAN OVIEDO, DEPUTY HECTOR BAUTISTA, individually, and in their official capacities,<br><br>Defendants.<br>_____ ) | Case No: 2:10-CV-001142-LKK-EFB<br><br>PLAINTIFFS' LIST OF DOCUMENTS OR OTHER EXHIBITS THAT PLAINTIFFS EXPECT TO OFFER AT TRIAL |

NOW COMES PLAINTIFFS' LIST OF DOCUMENTS OR OTHER EXHIBITS THAT THE PLAINTIFFS EXPECT TO OFFER AT TRIAL:

1.    Video tape of Luis Gutierrez submitting to a traffic stop by the Woodland Police Department.

ATTACHMENT "C"

PLAINTIFFS' LIST OF DOCUMENTS OR OTHER EXHIBITS THAT PLAINTIFFS EXPECT TO OFFER AT TRIAL

2.   Booking evidence re: Luis Gutierrez's traffic stop by the Woodland Police Department.

3.   Scene photographs.

4.   Scene diagrams.

5.   Autopsy photographs.

6.   Autopsy report and diagrams.

7.   Funeral, burial and memorial expenses.

8.   Video tape deposition testimony.

9.   Videotape interviews and transcripts.

10.  Defendants' written responses to Lieutenant Torres' written questions.

11.  Photographs of defendants on evening of incident.

12.  Google satellite map of area around where the subject incident took place.

Dated: June 4, 2012                     Respectfully submitted,


/s/  CHARLES F. HAWKINS

CHARLES F. HAWKINS
Attorney for Plaintiffs
JOSE GUTIERREZ and
IRMA GUTIERREZ

-2-

PLAINTIFFS' LIST OF DOCUMENTS OR OTHER EXHIBITS THAT PLAINTIFFS EXPECT TO OFFER AT TRIAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
CASE NAME:        GUTIERREZ, et al. v. CITY OF WOODLAND, et al.
CASE NUMBER:     2:10-CV-01142-LKK-EFB

PROOF OF SERVICE
(CCP SECTIONS 1013a, 2015.5)

I, the undersigned, declare that:

I am employed in the County of Santa Clara, California.  I am over the age of eighteen years and not a party of the within entitled case; my business address is: HAWKINS · CAPUTO, 96 North Third Street, Suite 300, San Jose, California 95112.  On June 4, 2012, I served the within PLAINTIFFS' LIST OF DOCUMENTS OR OTHER EXHIBITS THAT PLAINTIFFS EXPECT TO OFFER AT TRIAL on the parties in said cause:

___x___     by placing the true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the mail at the above location addressed as follows:

Bruce A. Kilday                          **Attorneys for Defendants**
Amie McTavish
Angelo, Kilday & Kilduff
601 University Avenue, Suite 150
Sacramento, CA 95825
Telephone:    (916) 564-6100
Facsimile:     (916) 564-6263

Robert B. Burchfiel                      **Plaintiffs' Co-Counsel**
Stenberg, Sunseri, Roe, Pickard & Rudy
75 E. Santa Clara Street, Suite 1350
San Jose, CA 95113
Telephone:    (408) 288-6216
Facsimile:     (408) 288-6240

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

_____ by placing the true copies thereof enclosed in a sealed envelope via Federal Express, addressed as indicated above.

_____ by personally delivering a true copy thereof to the person and at the address as set forth above.

_____ by transmitting a true copy of said document by facsimile machine, pursuant to Rule 2005.  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Said fax transmission was directed as indicated above.

1

2        I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 4, 2012 at San Jose, California.

3

4                                                    MICHELE ROGUE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2  BRUCE A. KILDAY, ESQ., SBN 066415
   AMIE MCTAVISH, ESQ., SBN 242372
3  KEVIN J. DEHOFF, ESQ., SBN 252106
   **ANGELO, KILDAY & KILDUFF, LLP**
4  Attorneys at Law
   601 University Avenue, Suite 150
5  Sacramento, CA  95825
6  Telephone:  (916) 564-6100
   Telecopier:  (916) 564-6263
7
   Attorneys for Defendants COUNTY OF YOLO, SERGEANT DALE JOHNSON, DEPUTY
8  HERNAN OVIEDO, and DEPUTY HECTOR BAUTISTA
9

10
                        **UNITED STATES DISTRICT COURT**
11
                        **EASTERN DISTRICT OF CALIFORNIA**
12

13  JOSE GUTIERREZ and IRMA GUTIERREZ, )   Case No.: 2:10-CV-01142-LKK-EFB
                                        )
14                  Plaintiffs,         )
                                        )
15                                      )   **DEFENDANTS' EXHIBIT LIST**
          vs.                           )
16                                      )
    CITY OF WOODLAND, COUNTY OF         )
17  YOLO, SERGEANT DALE JOHNSON,        )
    DEPUTY HERMAN OVIEDO, DEPUTY        )
18  HECTOR BAUTISTA, individually, and in )
19  their official capacities,          )
                                        )
20                  Defendants.         )
21

22        Defendants County of Yolo, Sergeant Dale Johnson, Deputy Hernan Oviedo, and Deputy

23  Hector Bautista identify the following exhibits which may be used at trial.

24        A.    Yolo County Sheriff's Department Administrative Investigation 2009-06,

25  including all reports, training records, policies, etc.;

26        B.    All items booked as part of Woodland Police Department Case No. WDP09-

27  001274, including photographs, scene diagrams, autopsy photographs, officers' weapons,

28  officers' clothing, knife found at scene, videotaped interviews of witnesses, and dash camera

                        ATTACHMENT "D"
                               1
                        DEFENDANTS' EXHIBIT LIST

{00062941}

1 | videos from responding officers;

2 |     C.    Exemplar of knife found at incident scene;

3 |     D.    Letter dated November 16, 2009 from Attorney General to Yolo County District
4 | Attorney regarding investigation;

5 |     E.    Yolo County District Attorney's Report on the shooting of Luis Gutierrez;

6 |     F.    Report of Department of Justice Criminalist Robert Wilson provided to
7 | Defendants by Plaintiffs;

8 |     G.    Report of Department of Justice Criminalist Christopher Gale provided to
9 | Defendants by Plaintiffs;

10 |     H.    Report of Department of Justice Criminalist Shawn Kacer provided to
11 | Defendants by Plaintiffs;

12 |     I.    Video created by Massad Ayoob and referenced in his report (Docket No. 27-1);

13 |     J.    Video created by Paul Kayfetz of incident scene;

14 |     K.    Deposition transcript of Irma Gutierrez, including all exhibits attached thereto;

15 |     L.    Deposition transcript of Jose Gutierrez, including all exhibits attached thereto;

16 |     M.    Deposition transcript of Nola Montero, including all exhibits attached thereto;

17 |     N.    Deposition transcript of Vienna Navarro, including all exhibits attached thereto;

18 |     O.    Deposition transcript of Stephen D'Arcy, including all exhibits attached thereto;

19 |     P.    The Complaint, First Amended Complaint, and Answer;

20 |     Q.    Plaintiffs' response to Defendants' Request for Production, Set One;

21 |     R.    Luis Gutierrez' 2008 tax return, provided by Plaintiffs;

22 |     S.    DNA report from Serological Research Institute comparing Defendant deputies'
23 | DNA to DNA found on knife.

24 | Dated: June 21, 2012                ANGELO, KILDAY & KILDUFF, LLP

25 |

                                    */s/ Amie McTavish*

26 |                            By:_____

                                  BRUCE A. KILDAY

27 |                                    AMIE McTAVISH

28 |                                    Attorneys for Defendants

{00062941}