BRUCE A. KILDAY, ESQ., SBN 066415
AMIE MCTAVISH, ESQ., SBN 242372
KEVIN J. DEHOFF, ESQ., SBN 252106
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants COUNTY OF YOLO, SERGEANT DALE JOHNSON, DEPUTY HERNAN OVIEDO, and DEPUTY HECTOR BAUTISTA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GUTIERREZ and IRMA GUTIERREZ, ) <br>  ) <br> Plaintiffs,  ) <br>  ) <br> vs.  ) <br>  ) <br> CITY OF WOODLAND, COUNTY OF  ) <br> YOLO, SERGEANT DALE JOHNSON,  ) <br> DEPUTY HERMAN OVIEDO, DEPUTY  ) <br> HECTOR BAUTISTA, individually, and in  ) <br> their official capacities,  ) <br>  ) <br> Defendants.  ) | Case No.: 2:10-CV-01142-LKK-EFB <br><br> **DEFENDANTS' MOTION IN LIMINE NUMBER THREE:  PRECLUDE TESTIMONY OF EXPERTS NOT PROPERLY DISCLOSED** <br><br> Date:  September 17, 2012 <br> Time:  10:00 A.M. <br> Courtroom:  4 <br> Judge: Lawrence K. Karlton |

Defendants seek to preclude Plaintiffs from offering testimony of Terri Haddix and Darrel Clardy on the grounds that these experts where not properly disclosed.

## I. FAILURE TO COMPLY WITH RULE 26 IS GROUNDS FOR EXCLUDING AN EXPERT

**A.   PROCEDURAL HISTORY**

Plaintiffs filed their expert designations late, and sought to modify the Scheduling Order to make these late designations timely.  (Docket No. 30.)  Defendants opposed this motion on the grounds that not only were the expert designations filed late, two of the three did not comply

1  with Fed. R. Civ. P. 26(a)(2)(B).  (Docket No. 32.)  The Court denied Plaintiffs' motion and
2  sanctioned Plaintiffs' counsel $500 on January 17, 2011.  (Docket No. 40.)  Discovery closed on
3  January 25, 2012.  (Docket No. 22.)  Since Plaintiffs' motion was denied on other grounds, the
4  Court did not address Defendants' argument that Plaintiffs' experts Terri Haddix and Darell
5  Clardy should be excluded pursuant to Fed. R. Civ. P. 26(a)(2)(B).

6  **B.    EXCLUSION IS THE PROPER REMEDY FOR NOT COMPLYING WITH FED. R. CIV. P.
7  26(a)(2)(B)**

8  Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(i-iii), an expert report must
9  contain (among other things) a complete statement of all opinions the witness will express, the
10  basis and reasons for them, and the facts or data considered by the witness in forming them.

11  Rule 37 (c)(1) provides that if a party fails to provide information or identify a witness as
12  required by Rule 26(a) or (e), the party is not allowed to use that information or witness to
13  supply evidence on a motion, at a hearing, or at a trial.  The Ninth Circuit gives "wide latitude to
14  the district court's discretion to issue sanctions under Rule 37(c)(1)," which "gives teeth" to the
15  requirements.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.
16  2001), citing *Ortiz- Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto
17  Rico*, 248 F.3d 29, 34 (1st Cir. 2001).  Plaintiffs have the burden of establishing that their failure
18  to follow the strictures of the Federal Rules was substantially justified and harmless.  *Id.*; see also
19  *Yeti by Molly*, 259 F.3d at 1107.

20  The Ninth Circuit has articulated several factors for the court to consider when
21  determining whether a violation of the expert discovery rules was harmless, including:  "(1)
22  prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that
23  party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or
24  willfulness involved in not disclosing the evidence."  (See:  *Wendt v. Host Int'l, Inc.*, 125 F.3d
25  806, 814 (9th Cir. 1997).)  Notably, the Ninth Circuit subsequently found that "even absent a
26  showing in the record of bad faith or willfulness, exclusion is an appropriate remedy" for a
27  failure to comply with the rules regarding experts and their reports.  *Yeti by Molly*, 259 F.3d at
28  1106.  Further, the sanction of exclusion is self-executing, and "is thus automatic and mandatory

unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Jimena v. UBS AG Bank*, 2010 U.S. Dist. LEXIS 117596, at *15 (E.D. Cal. Nov. 5, 2010), quoting *Salgado v. General Motors Corporation*, 150 F.3d 735, 742 (7th Cir. 1998); see also *Yeti by Molly*, 259 F.3d at 1106.  These two experts were not deposed:  Defendants were not required to bear the cost of developing Plaintiffs' incomplete expert opinions.  If this were the case, the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)(i-iii) would be toothless:  a party could offer an incomplete report and then shift the burden onto the other party to cure the deficiencies.  The law imposes no such requirement.

For the reasons set forth below, Defendants request the Court grant this Motion in Limine and rule that Plaintiffs' experts Terri Haddix and Darrell Clardy be precluded from testifying at trial because of Plaintiffs' violations of the expert discovery rules.

**1.   Plaintiff's Expert Terri Haddix Should Be Precluded From Offering Any Opinion at Trial Because Her Report Does Not Contain Any Opinions**

An expert's report must be "detailed and complete." *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, at 300 1998 U.S. Dist. LEXIS 7205 (D. Nev. 1998).  The reports should be sufficiently detailed and complete to enable counsel to conserve resources by avoiding the necessity of deposing experts in every case without running the risk of being ambushed at trial.  See, e.g., *Lewis v. PDV America, Inc.*, 247 F.R.D. 544, 547 (N.D. Ill. 2007) (citing *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998)).  Under the Federal Rules, "an evasive or incomplete disclosure . . . must be treated as a failure to disclose . . ."  Fed. R. Civ. P. 37(a)(4).

The report by Terri Haddix contains only two paragraphs of narrative, stating it is a "preliminary" report.  (Docket No. 31.)  She merely states that in his deposition Lieutenant Johnson did not demonstrate the position of the decedent to account for the bullet path described in the autopsy.  This seems to be a factual description of the following exchange that took place in Lieutenant Johnson's deposition:

> BURCHFIEL:  Okay.  Before you sit down, I would like you now to put your body in the position that Mr. Gutierrez was in when you heard the very first gunshot go off.  What position was he in?

1     LT. JOHNSON:  I don't recall, sir.

2

3     BURCHFIEL:  Was he still slashing you?  Was he through with the slash?

4

5     LT. JOHNSON:  It was a -- sir, it was a dynamic situation.  I mean it happened so fast that I was lucky to just get out of the way without being stabbed and slashed or sliced open.  I mean --

6

7

8 (Johnson Deposition, pp. 95:20-96:5.)

9    Lieutenant Johnson did not demonstrate the position referred to by Dr. Haddix because he could not recall what that position was.  Thus this "preliminary" report does not offer any opinions at all, let alone a "complete statement of all opinions the witness will express and the basis and reasons for them" as mandated by Federal Rule 26(a)(2)(B).

   Defendants cannot determine what the substance of Dr. Haddix's trial testimony will be, as no opinion is offered.[1]  If the Court is not inclined to exclude Dr. Haddix as a witness because her testimony will not be useful to the jury and therefore irrelevant pursuant to Federal Rule of Evidence 401, her testimony should be strictly limited to the contents of this "preliminary" report and she should not be allowed to testify regarding any opinion she formed after this document was filed.

   **2.  Darrell Clardy Should Be Precluded From Testifying Because His Report Does Not Contain the Facts or Data Considered By Him in Forming His Opinion**

   In addition to mandating that an expert witness report must contain a complete statement of all opinions the witness will express and the basis and reasons for them, Federal Rule of Civil Procedure 26(a)(2)(B) also requires that the expert report contain the facts or data considered by the witness in forming those opinions.

   The Clardy report is a mere eight sentences long, and does not provide a list of documents consulted to form the opinion stated in the report.  (Docket No. 31, p. 13.)  He states that his opinion is "based on the testimony of Frank Roman" without giving any indication what

---

[1] It is questionable whether this report is expert testimony at all.

1  this testimony is or where it can be found.  (*Id.*)  Again, because this report does not provide a

2  "complete statement of all opinions the witness will express and the basis and reasons for them"

3  as mandated by Federal Rule 26(a)(2)(B), Defendants run the risk of being ambushed at trial by

4  the lack of disclosure.  Expert opinion evidence may be rebutted by showing the incorrectness or

5  inadequacy of the factual assumptions on which the opinion is based.  *Mims v. United States,* 375

6  F.2d 135 (5th Cir. 1967).  Defendants are prevented from effectively cross-examining Dr. Clardy

7  regarding his opinions because he did not state what he based his opinions on.  Exclusion of his

8  testimony is the proper remedy.

9  **II.  CONCLUSION**

10  When the Court sanctioned Plaintiffs for not timely filing their expert disclosures, it did

11  not rule on whether or not these experts should be excluded based on their violations of Fed. R.

12  Civ. P. 26(a)(2)(B).  Now, on the eve of trial, Defendants cannot adequately prepare to cross-

13  examine these experts, because their reports are incomplete.  Defendants run the risk of trial by

14  ambush and will be prejudiced by Plaintiffs' failure to abide by the requirements of Fed. R. Civ.

15  P. 26(a)(2)(B).

16  Therefore Defendants respectfully ask the Court grant this Motion in Limine and rule that

17  Plaintiffs' experts Terri Haddix  and Darrell Clardy be precluded from testifying at trial.

18

19  Dated:  August 10, 2012                    ANGELO, KILDAY & KILDUFF, LLP

20                                                              */s/ Amie McTavish*
                                                      By:_____
21                                                              AMIE MCTAVISH
22                                                              Attorneys for Defendants COUNTY OF
                                                                YOLO, SERGEANT DALE JOHNSON,
23                                                              DEPUTY HERNAN OVIEDO, and
                                                                DEPUTY HECTOR BAUTISTA
24

25

26

27

28

COURT: USDC, Eastern District of California
CASE NO. 2:10-CV-01142-LKK-EFB
CASE NAME: *Gutierrez v. City of Woodland, et al.*

## PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 601 University Avenue, Suite 150, Sacramento, California 95825. I am over the age of 18 years and not a party to the above-entitled action.

On August 10, 2012, I caused the within **DEFENDANTS' MOTION IN LIMINE NUMBER THREE: PRECLUDE TESTIMONY OF EXPERTS NOT PROPERLY DISCLOSED**, the original of which was produced, to be served via

☒   MAIL ---

I am readily familiar with Angelo, Kilday & Kilduff's practice for collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at or before the close of each day's business. (Code Civ. Proc. section 1013a(3)) or Fed.R.Civ.P. 5(a) and 4.1; USDC (E.D. CA) L.R. 5-135(a).)

I placed in the United States Mail at Sacramento, California in an envelope with postage thereon fully prepaid addressed as follows:

Robert B. Burchfiel, Esq.
Stenberg, Sunseri, Roe, Pickard & Rudy
75 East Santa Clara Street, Suite 1350
San Jose, CA  95113

☒   (*Federal*) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 10, 2012 at Sacramento, California.

*/s/ Holly Barto*

Holly Barto