UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GUTIERREZ and IRMA GUTIERREZ,

        Plaintiffs,

    v.

CITY OF WOODLAND, COUNTY OF YOLO, SERGEANT DALE JOHNSON, DEPUTY HERMAN OVIEDO, DEPUTY HECTOR BAUTISTA, individually, and in their official capacities,

        Defendants.

NO. CIV. S-10-1142 LKK/EFB

O R D E R

    This matter comes before the court on defendants' Bill of Costs, totaling $30,245.55 (ECF No. 155). Plaintiffs object, asserting that they are indigent and that costs should be denied in the interests of justice. The court declines to award costs.

    This case arose from the death of Luis Gutierrez (the "decedent"), whom the individual defendants (wearing plain-clothes and driving an un-marked car), approached, while decedent was walking along a public sidewalk in the neighborhood where he lived. After decedent fled, the defendants caught up with him and

1

eventually shot and killed him (after, defendants assert, decedent brandished a knife against them).  Plaintiffs are the surviving parents of the decedent.  After trial, the jury found in favor of all defendants on all claims.

Federal Rule of Civil Procedure 54(d) governs the taxation of costs to the prevailing party in a civil matter.[1]  Pursuant to Fed. R. Civ. P. 54(d)(1), unless a court order provides otherwise, costs (other than attorney's fees) "should be allowed to the prevailing party."  This rule creates a presumption that costs will be taxed against the losing party.  Assoc. Of Mexican-American Educators ["AMAE"] v. California, 231 F.3d 572, 591-93 (9th Cir. 2000) (en banc).  However, if the losing party shows why costs should not be awarded, the rule "vests in the district court discretion to refuse to award costs."  Id., at 591; Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("the losing party must show why costs should not be awarded").  If the court declines to award costs, it must state its reasons, giving the reviewing court an opportunity to determine if that discretion was abused.  Save Our Valley, 335 F.3d at 945.

In considering plaintiffs' request that costs be denied, this court considers: the losing party's limited financial resources; the chilling effect of imposing such high costs on future civil rights litigants; whether the issues in the case are close and difficult; and whether plaintiffs' case, although unsuccessful, had

---

[1] In this district, the rule is implemented at E.D. Cal. R. 292.

2

some merit. <u>Educators</u>, 231 F.3d at 592-93.

In this case, it appears to be undisputed that plaintiffs, the decedent's surviving parents, are indigent. Decedent's father is a seasonal field laborer earning $8.50 per hour, while his mother is a bakery employee. They live in a small trailer and "have very limited financial resources." Plaintiffs' Objections (ECF No. 156) at p.2. The court believes that taxing plaintiffs over $30,000 in costs would chill future civil rights litigants, especially those of limited means.

The court further finds that the issues in the case were close, and that the plaintiffs' case had some merit, notwithstanding the jury verdict against them. This court, for example, denied defendants' motion for summary judgment, finding that only the jury could decide several key issues of liability, including whether decedent ever surrendered to the officers' authority, whether the defendants were justified in chasing and stopping (or attempting to stop) decedent, whether decedent brandished a gun against defendants, and whether defendants were justified in shooting and killing decedent. In addition, there were several closely contested evidentiary issues in the case.

Finally, this case raised important, non-frivolous issues about the ability of law enforcement officers to stop neighborhood residents based upon their presence in the neighborhood and their dress, the consequences of a person's flight from non-uniformed officers who approached him, the inferences the officers can draw from that flight, and the officers' use of force.

3

1   Accordingly, the court exercises its discretion to decline to
2 tax costs in favor of defendants in this case.
3   IT IS SO ORDERED.
4   DATED:  November 28, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4